Robert W. Forman
Yoram Miller
**SHAPIRO FORMAN ALLEN & SAVA LLP**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 972-4900
Facsimile: (212) 883-1941

*Attorneys for Defendant Paul J. Lerner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENERAL PATENT CORPORATION, | |
| Plaintiff, | No. 11 Civ. 6585 (JFK) |
| -against- | |
| WI-LAN INC., GLADIOS IP INC., and PAUL J. LERNER, ESQ., | |
| Defendants. | |

## ANSWER

Defendant Paul Lerner ("Lerner"), by and through his undersigned attorneys, for his answer to the Complaint filed by Plaintiff General Patent Corporation ("GPC") dated September 21, 2011 (the "Complaint") states as follows:

1. Denies the allegations in Paragraph 1 of the Complaint.

2. Denies the allegations in Paragraph of 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations in Paragraph 6 of the Complaint, except admits the first two sentences of Paragraph 6, admits that his employment at GPC commenced in 1999, admits that he previously held the titles of Director, Senior Vice President and

General Counsel at GPC, admits that he owns 20,000 shares of GPC common stock and that he became an employee of WiLAN on or about September 6, 2011.

7. States that Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required.

8. States that Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required.

9. Denies the allegations contained in Paragraph 9 of the Complaint, except refers to the press release referenced in Paragraph 9 for the complete contents thereof.

10. Admits that GPC enters into agreements with patent owners in order to license and enforce their patents, operates on a contingency basis, finances and manages patent licensing and enforcement against suspected infringers and receives a share of the proceeds from the licensing and enforcement of those patents. Denies the remaining allegations in Paragraph 10 of the Complaint.

11. Denies the allegations in Paragraph 11 of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint, except admits that he executed the Confidentiality and Noncompetition Agreement referenced in Paragraph 14 (the "Noncompetition Agreement").

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint and refers to the Noncompetition Agreement for the complete contents thereof.

17. States that Paragraph 17 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, denies the allegations in Paragraph 17 and refers to the Noncompetition Agreement for the complete contents thereof.

18. States that Paragraph 18 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, denies the allegations in Paragraph 18 of the Complaint and refers to the Noncompetition Agreement for the complete contents thereof.

19. Admits the first two sentences of Paragraph 19 of the Complaint, admits that Gladios is a wholly-owned subsidiary of WiLAN that was formed in 2010, denies knowledge or information as to the reason Gladios was formed and denies the remaining allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Admits the allegations in Paragraph 23 of the Complaint.

24. Admits the first sentence of Paragraph 24 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and respectfully refers to the document referenced in Paragraph 25 for the complete contents thereof.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. States that Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, denies the allegations contained in Paragraph 28 and refers to the document referenced in Paragraph 28 for the complete contents thereof.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, except refers to the document referenced in Paragraph 29 for the complete contents thereof.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, except refers to the document referenced in Paragraph 34 of the Complaint for the complete contents thereof.

35. Denies the allegations in Paragraph 35 of the Complaint, except admits that WiLAN representatives spoke to GPC employees about patents GPC managed and GPC's efforts to license those patents.

36. Denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36 of the Complaint, except admits that WiLAN representatives visited GPC on or about March 29, 2011 and heard presentations from GPC's CEO and other employees.

37. Admits the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint, except admits that WiLAN and GPC executed a Confidential Term Sheet dated April 29, 2011 (the "Term Sheet") and refers to the Term Sheet for the complete contents thereof.

40. Admits the allegations contained in Paragraph 40 of the Complaint and refers to the Term Sheet for the complete contents thereof.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, except refers to the Term Sheet for the complete contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint, except admits that he had been in communication with WiLAN in an effort to obtain employment at WiLAN.

53. Denies the allegations in Paragraph 53 of the Complaint, except admits that he spoke to Cory Houston, a Vice President of WiLAN on or about June 17, 2011 and that he told Poltorak that Houston had sent him a message through LinkedIn in which Houston had invited Lerner to join Houston's LinkedIn network.

54. Denies the allegations in Paragraph 54 of the Complaint, except admits he did not inform GPC of his discussions with Wi-Lan.

55. States that the first sentence of Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required and refers to Rule 1.7 of the New York

Rules of Professional Conduct for the complete contents thereof. Denies the remaining allegations in Paragraph 55.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations in Paragraph 57 of the Complaint, except admits that WiLAN issued a press release on September 12, 2011 and refers to the press release for the complete contents thereof.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

FIRST CAUSE OF ACTION

59. Repeats and realleges his answers to Paragraphs 1 through 58 as if fully set forth herein.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in Paragraph 62 of the Complaint, except refers to the document referenced in Paragraph 62 of the Complaint for the complete contents thereof.

63. Denies the allegations in Paragraph 63 of the Complaint.

64. Denies the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations in Paragraph 65 of the Complaint, except refers to the document referenced in Paragraph 65 of the Complaint for the complete contents thereof.

66. Denies the allegations in Paragraph 66 of the Complaint.

## SECOND CAUSE OF ACTION

67. Repeats and realleges his responses to Paragraphs 1 through 66 as if set forth herein.

68. States that Paragraph 68 of the Complaint sets forth legal conclusions to which no response is required; and to the extent a response is required denies the allegations in Paragraph 68 and refers to the document referenced in Paragraph 68 for the complete contents thereof.

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Denies the allegations in Paragraph 70 of the Complaint.

71. Denies the allegations in Paragraph 71 of the Complaint.

## THIRD CAUSE OF ACTION

72. Repeats and realleges his responses to Paragraphs 1 through 71 as if set forth herein.

73. States that Paragraph 73 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, denies the allegations in Paragraph 73 and refers to the document referenced in Paragraph 73 for the complete contents thereof.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76. States that Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required and, to the extent a response is required, denies the allegations in Paragraph 76.

## FOURTH CAUSE OF ACTION

77. Repeats and realleges his responses to Paragraphs 1 through 76 as if set forth herein.

78. Denies the allegations in Paragraph 78 of the Complaint.

79. Denies the allegations in Paragraph 79 of the Complaint, except refers to the Term Sheet referenced in Paragraph 79 for the complete contents thereof.

80. Denies the allegations in Paragraph 80 of the Complaint, except refers to the Term Sheet for the complete contents thereof.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

83. Denies the allegations in Paragraph 83 of the Complaint.

84. Denies the allegations in Paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86. Denies the allegations in Paragraph 86 of the Complaint.

## FIFTH CAUSE OF ACTION

87. Repeats and realleges his answers to Paragraphs 1 through 86 as if fully set forth herein.

88. States that Paragraph 88 of the Complaint sets forth a legal conclusion to which no response is required.

89. States that Paragraph 89 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. Denies the allegation in Paragraph 90 of the Complaint.

91. States that Paragraph 91 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Denies the allegations in Paragraph 92 of the Complaint.

## SIXTH CAUSE OF ACTION

93. Repeats and realleges his answers to Paragraphs 1 through 92 as if fully set forth herein.

94. Denies the allegations in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint, except admits that Wi-LAN and Gladios are generally aware of the terms of the referenced Noncompetition Agreement and refers to the Noncompetition Agreement for the complete contents thereof.

96. Denies the allegations in Paragraph 96 of the Complaint.

97. Denies the allegations in Paragraph 97 of the Complaint.

98. Denies the allegations in Paragraph 98 of the Complaint.

99. Denies the allegations in Paragraph 99 of the Complaint.

100. Denies the allegations in Paragraph 100 of the Complaint.

## SEVENTH CAUSE OF ACTION

101. Repeats and realleges his answers to Paragraphs 1 through 100 as if fully set forth herein.

102. States that Paragraph 102 of the Complaint sets forth a legal conclusion to which no response is required.

103. States that Paragraph 103 of the Complaint sets forth a legal conclusion to which no response is required.

104. States that Paragraph 104 of the Complaint sets forth a legal conclusion to which no response is required.

105. Denies the allegations in Paragraph 105 of the Complaint.

106. Denies the allegations in Paragraph 106 of the Complaint.

## EIGHTH CAUSE OF ACTION

107. Repeats and realleges his answers to Paragraphs 1 through 106 as if fully set forth herein.

108. States that Paragraph 108 of the Complaint sets forth a legal conclusion to which no response is required.

109. Denies the allegations in Paragraph 109 of the Complaint.

110. Denies the allegations in Paragraph 110 of the Complaint.

## [FIRST] NINTH CAUSE OF ACTION

111. Repeats and realleges his answers to Paragraphs 1 through 110 as if fully set forth herein.

112. Denies the allegations in Paragraph 112 of the Complaint.

113. Denies the allegations in Paragraph 113 of the Complaint.

114. Denies the allegations in Paragraph 114 of the Complaint.

115. Denies the allegations in Paragraph 115 of the Complaint.

116. Denies the allegations in Paragraph 116 of the Complaint.

117. Denies the allegations in Paragraph 117 of the Complaint.

118. Denies the allegations in Paragraph 118 of the Complaint.

119. Denies the allegations in Paragraph 119 of the Complaint.

### [SECOND] NINTH CAUSE OF ACTION

120-126.   States that no response is required because Paragraphs 120 through 126 are not directed at him.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

127. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

128. Plaintiff's claims violate New York public policy and do not seek to protect trade secrets or another legitimate interest.

### THIRD AFFIRMATIVE DEFENSE

129. The Noncompetition Agreement is unenforceable because it was not supported by consideration.

### FOURTH AFFIRMATIVE DEFENSE

130. The Noncompetition Agreement is inapplicable because it was modified or terminated by the parties.

FIFTH AFFIRMATIVE DEFENSE

131. The termination of Lerner's employment was not for "Cause" as that term is utilized in the Noncompetition Agreement

SIXTH AFFIRMATIVE DEFENSE

132. Plaintiff's claims are barred by the doctrines of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

133. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

EIGHTH AFFIRMATIVE DEFENSE

134. This Court has already determined issues which defeat a number of Plaintiff's claims, including *inter alia*, its finding that the purported trade secrets Plaintiff claims it seeks to protect are not protectable trade secrets. Plaintiff is therefore unable to pursue such claims because the "law of the case" proscribes Plaintiff from re-litigating those issues.

**COUNTER-CLAIM FOR ATTORNEYS' FEES AND EXPENSES AGAINST PLAINTIFF GENERAL PATENT CORPORATION**

For his counterclaim against Counterclaim Defendant General Patent Corporation ("GPC"), Counterclaim Plaintiff Paul Lerner ("Lerner"), by his undersigned attorneys, alleges, of his own personal knowledge and otherwise on information and belief, as follows:

135. Paul Lerner is a citizen of the State of Connecticut.

136. General Patent Corp. ("GPC") is an entity incorporated and residing in the State of New York.

137. On or about January 5, 2004, Lerner and GPC signed a Confidentiality and Noncompetition Agreement (the "Noncompetition Agreement").

138. Section 3(D) of the Noncompetition Agreement provides for the award of attorneys' fees as follows:

> ATTORNEY'S FEES. If litigation shall be instituted to enforce the provisions of this agreement, the prevailing party shall be entitled to reasonable attorney's fees, including any such fees set by the trial or appellate court upon trial or appeal.

139. On or about September 22, 2011, Plaintiff commenced this Action purporting to seek to enforce a one-year non-competition provision in the Noncompetition Agreement.

140. Plaintiff's claims against Lerner in this Action are without merit.

141. Lerner is entitled to a judgment in the amount of the attorneys' fees he has incurred in connection with this Action.

WHEREFORE, Paul Lerner respectfully demands judgment in his favor and against GPC

a. denying GPC's demands for injunctive and monetary relief;

b. denying GPC's other demands for relief;

c. dismissing GPC's Complaint in its entirety with respect to Lerner;

d. awarding Lerner the amount of the reasonable fees and expenses he incurred in connection with this Action; and

e. such other and further relief as this Court may deem just and proper.

Date: New York, New York
January 5, 2012

SHAPIRO FORMAN ALLEN & SAVA LLP

By: _____
Robert W. Forman
Yoram Miller
380 Madison Avenue
New York, New York 10017
Tel: (212) 972-4900
Fax: (212) 883-1941

*Attorneys for Defendant Paul J. Lerner*