Levi Y. Silver (LS6546)
lsilver@silverlawfirm.com
**SILVER & SILVER APC**
245 West 17th Street, 5th Floor
New York, New York 10011
Telephone:  (212) 851-6428
Facsimile:  (619) 231-1616

Elie C. Poltorak (EP0770)
elie@poltoraklaw.com
**POLTORAK PC**
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233
Telephone: (718) 943-8815
Facsimile: (718) 943-8816

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL PATENT CORPORATION, | No. 11 Civ. 6585 (JFK-DCF) |
| Plaintiff, | **REPLY TO COUNTERCLAIM OF PAUL J. LERNER** |
| -against- | |
| WI-LAN INC., GLADIOS IP INC., and PAUL J. LERNER, | |
| Defendants. | |

Plaintiff General Patent Corporation ("GPC"), by and through its undersigned attorneys, replies and asserts its affirmative defenses to the Counter-Claim for Attorney's Fees and Expenses Against Plaintiff General Patent Corporation (the "Counterclaim"), filed by Defendant Paul J. Lerner ("Lerner") on January 5, 2012, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Counterclaim.

2. Admits the allegations contained in Paragraph 136 of the Counterclaim.

1

3. Denies the allegations contained in paragraph 137 of the Counterclaim, except respectfully refers the Court to the document described therein for the true and complete contents thereof.

4. Denies the allegations contained in paragraph 138 of the Counterclaim, except respectfully refers the Court to the document described therein for the true and complete contents thereof.

5. Admits the allegations contained in Paragraph 139 of the Counterclaim.

6. Denies the allegations contained in Paragraph 140 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusion on the basis that no response is required thereto.

7. Denies the allegations contained in Paragraph 141 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusion on the basis that no response is required thereto.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. The Counterclaim fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. The Lerner's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Lerner's claims are barred, in whole or in part, due to Lerner's material breach of the agreement Lerner now seeks to enforce.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Lerner's claims are barred in whole or in part because his claims are not ripe.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. Any alleged damages were caused by Lerner's wrongful acts and conduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Lerner's claims are barred because he failed to mitigate his damages, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. Lerner's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. GPC presently has insufficient knowledge or information upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. GPC reserve the right to assert additional affirmative defenses for which it has developed factual support pending the outcome of discovery or otherwise.

**WHEREFORE**, GPC respectfully demands judgment in its favor and against Lerner, by way of the Counterclaim, as follows:

    a.    Dismissing the Counterclaim with prejudice;

    b.    Denying Lerner's requested relief in the Counterclaim;

    c.    Awarding GPC its attorney's fees and costs incurred in connection with this action; and

    d.    Awarding GPC such other and further relief as the Court deems just and proper.

Dated:    San Diego, California
             January 30, 2012

**SILVER & SILVER APC**

By:   /s/
    Levi Y. Silver (LS6546)
    lsilver@silverlawfirm.com

– and –

**POLTORAK PC**
Elie C. Poltorak (EP0770)
elie@poltoraklaw.com

*Attorneys for Plaintiff*
*General Patent Corporation*

4