Robert W. Forman
Yoram Miller
**SHAPIRO FORMAN ALLEN & SAVA LLP**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 972-4900
Facsimile:  (212) 883-1941

*Attorneys for Defendant Paul J. Lerner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GENERAL PATENT CORPORATION,

                Plaintiff,             No. 11 Civ. 6585 (JFK)

     -against-

WI-LAN INC., GLADIOS IP INC., and
PAUL J. LERNER, ESQ.,

                Defendants.

## ANSWER OF PAUL J. LERNER TO FIRST AMENDED COMPLAINT

Defendant Paul J. Lerner ("Lerner"), by and through his undersigned attorneys,

for his answer to the First Amended Complaint filed by Plaintiff General Patent

Corporation ("GPC") dated January 30, 2012 (the "Complaint") states as follows:

      1.        Denies the allegations in Paragraph 1 of the Complaint.

      2.        Admits the allegations in Paragraph 2 of the Complaint.

      3.        Admits the allegations in Paragraph 3 of the Complaint.

      4.        Admits the allegations in Paragraph 4 of the Complaint.

      5.        Denies the allegations in Paragraph 5 of the Complaint, except admits the

first two sentences of Paragraph 5, admits that his employment at GPC commenced in

1999, admits that he previously held the titles of Director, Senior Vice President and

General Counsel at GPC, admits that he owns 20,000 shares of GPC common stock and that he became an employee of WiLAN on or about September 6, 2011.

6.      States that Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required.

7.       States that Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required.

8.      Denies the allegations contained in Paragraph 8 of the Complaint, except refers to the press release referenced in Paragraph 8 for the complete contents thereof.

9.      Admits that GPC enters into agreements with patent owners in order to license and enforce their patents, operates on a contingency basis, finances and manages patent licensing and enforcement against suspected infringers and receives a share of the proceeds from the licensing and enforcement of those patents.  Denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Denies the allegations in Paragraph 10 of the Complaint.

11.     Denies the allegations in Paragraph 11 of the Complaint.

12.     Denies the allegations in Paragraph 12 of the Complaint.

13.     Denies the allegations in Paragraph 13 of the Complaint, except admits that he executed the Confidentiality and Noncompetition Agreement referenced in Paragraph 13 (the "Noncompetition Agreement").

14.     Denies the allegations in Paragraph 14 of the Complaint.

15.     Denies the allegations in Paragraph 15 of the Complaint and refers to the Noncompetition Agreement for the complete contents thereof.

16.    Denies the allegations in Paragraph 16 and refers to the Noncompetition Agreement for the complete contents thereof.

17.    Denies the allegations in Paragraph 17 of the Complaint and refers to the Noncompetition Agreement for the complete contents thereof.

18.    Admits the first two sentences of Paragraph 18 of the Complaint, admits that Gladios is a wholly-owned subsidiary of WiLAN that was formed in 2010, denies knowledge or information as to the reason Gladios was formed and denies the remaining allegations in Paragraph 18.

19.    Denies the allegations in Paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.    Admits the allegations in Paragraph 22 of the Complaint.

23.    Admits the first sentence of Paragraph 23 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.    Denies the allegations in Paragraph 24 of the Complaint, except admits that Lerner is listed in the Confidential Information Memorandum as a Director, Senior Vice President and General Counsel of GPC and respectfully refers to the Confidential Information Memorandum referenced in Paragraph 24 for the complete contents thereof.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, except admits that WiLAN entered into a Confidentiality Agreement with GPC dated November 16, 2010.

27.     States that Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, denies the allegations contained in Paragraph 27 and refers to the document referenced in Paragraph 27 for the complete contents thereof.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, except refers to the document referenced in Paragraph 28 for the complete contents thereof.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, except admits that GPC and WiLAN executed a Non-Disclosure and Common Legal Interest Agreement on or about March 8, 2011 and refers to that document for the complete contents thereof.

34.     Denies the allegations in Paragraph 34 of the Complaint, except admits that WiLAN representatives spoke to GPC employees about patents GPC managed and GPC's efforts to license those patents.

35.     Denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 35 of the Complaint, except admits that WiLAN representatives visited GPC in March 2011 and heard presentations from GPC's CEO and other employees.

36.     Admits the allegations in Paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Denies the allegations contained in Paragraph 38 of the Complaint, except admits that WiLAN and GPC executed a Confidential Term Sheet dated April 29, 2011 (the "Term Sheet") and refers to the Term Sheet for the complete contents thereof.

39.     Admits the allegations contained in Paragraph 39 of the Complaint and refers to the Term Sheet for the complete contents thereof.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, except refers to the Term Sheet for the complete contents thereof.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Denies the allegations in first sentence of Paragraph 43 of the Complaint and denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Complaint.

48.     Denies the allegations contained in Paragraph 48 of the Complaint.

49.     Denies the allegations in Paragraph 49 of the Complaint.

50.     Denies the allegations in Paragraph 50 of the Complaint.

51.     Denies the allegations in Paragraph 51 of the Complaint.

52.     Denies the allegations in Paragraph 52 of the Complaint, except states that Poltorak informed GPC employees and others on or about June 16, 2011 that the "deal" was dead.

53.     Denies the allegations in Paragraph 53, except admits that Lerner ceased to be employed by GPC in early September 2011.

54.     Denies the allegations in Paragraph 54 of the Complaint.

55.     Denies the allegations in Paragraph 55 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 55.

56.     Denies the allegations in Paragraph 56 of the Complaint, excepts admits Lerner sent a letter to James Skippen or about July 18, 2011 and refers to the letter referenced in Paragraph 56 of the Complaint for the complete contents thereof.

57.     Denies the allegations in Paragraph 57 of the Complaint, except admits the second sentence of paragraph 57 and admits that GPC held a party for Lerner at which he was presented with a framed caricature of himself next to his sailboat signed by GPC employees.

58.     Admits the allegations in Paragraph 58 of the Complaint.

59.     Denies the allegations in Paragraph 59 of the Complaint.

60.     Denies the allegations in Paragraph 60 of the Complaint and refers to the email referenced in Paragraph 60 for the complete contents thereof.

61.     Denies the allegations in Paragraph 61 of the Complaint.

62.     Denies the allegations in Paragraph 62 of the Complaint and refers to the final separation agreement and the email Poltorak sent to Lerner in response to the August 10, 2011 email referenced in Paragraph 58 for the complete contents thereof.

63.     Denies the allegations in Paragraph 63 of the Complaint.

64.     Denies the allegations in Paragraph 64 of the Complaint.

65.     Denies the allegations in Paragraph 65 of the Complaint, except states that the first sentence of Paragraph 65 sets forth a legal conclusion to which no response is required and refers to the Separation Agreement for the complete contents thereof.

66.     Denies the allegations in Paragraph 66 of the Complaint, except admits that WiLAN issued a press release on September 12, 2011 and refers to the press release for the complete contents thereof.

67.    Admits the allegations in Paragraph 67 of the Complaint.

68.    Admits the allegations in Paragraph 68 of the Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, except admits the license agreement contained a confidentiality provision and refers to the license agreement for the complete contents thereof.

70.    Denies the allegations contained in Paragraph 70 of the Complaint.

71.    Denies the allegations in Paragraph 71 of the Complaint.

72.    Denies the allegations in Paragraph 72 of the Complaint.

<u>FIRST CAUSE OF ACTION</u>

73.    Repeats and realleges his answers to Paragraphs 1 through 72 as if fully set forth herein.

74.    Denies the allegations contained in Paragraph 74 of the Complaint.

75.    Denies the allegations contained in Paragraph 75 of the Complaint.

76.    Denies the allegations contained in Paragraph 76 of the Complaint, except refers to the document referenced in Paragraph 76 of the Complaint for the complete contents thereof.

77.    Denies the allegations in Paragraph 77 of the Complaint.

78.    Denies the allegations in Paragraph 78 of the Complaint.

79.    Denies the allegations in Paragraph 79 of the Complaint, except refers to the document referenced in Paragraph 79 of the Complaint for the complete contents thereof.

80.    Denies the allegations in Paragraph 80 of the Complaint.

SECOND CAUSE OF ACTION

81      Repeats and realleges his responses to Paragraphs 1 through 80 as if set forth herein.

82.     States that Paragraph 82 of the Complaint sets forth legal conclusions to which no response is required; and to the extent a response is required, denies the allegations in Paragraph 82 and refers to the document referenced in Paragraph 82 for the complete contents thereof.

83.     Denies the allegations in Paragraph 83 of the Complaint.

84.     Denies the allegations in Paragraph 84 of the Complaint.

85.     Denies the allegations in Paragraph 85 of the Complaint.

THIRD CAUSE OF ACTION

86.     Repeats and realleges his responses to Paragraphs 1 through 85 as if set forth herein.

87.     States that Paragraph 87 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, denies the allegations in Paragraph 87 and refers to the document referenced in Paragraph 87 for the complete contents thereof.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90.     States that Paragraph 90 of the Complaint sets forth legal conclusions to which no response is required and, to the extent a response is required, denies the allegations in Paragraph 90.

## FOURTH CAUSE OF ACTION

91.     Repeats and realleges his responses to Paragraphs 1 through 90 as if set forth herein.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint.

93.     Denies the allegations in Paragraph 93 of the Complaint, except refers to the Term Sheet referenced in Paragraph 93 for the complete contents thereof.

94.     Denies the allegations in Paragraph 94 of the Complaint, except refers to the Term Sheet for the complete contents thereof.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

98.     Denies the allegations in Paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint.

100.    Denies the allegations in Paragraph 100 of the Complaint.

## FIFTH CAUSE OF ACTION

101.    Repeats and realleges his answers to Paragraphs 1 through 100 as if fully set forth herein.

102.    States that Paragraph 102 of the Complaint sets forth a legal conclusion to which no response is required.

103.    States that Paragraph 103 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.    Denies the allegation in Paragraph 104 of the Complaint.

105.    States that Paragraph 105 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    Denies the allegations in Paragraph 106 of the Complaint.

## SIXTH CAUSE OF ACTION

107.    Repeats and realleges his answers to Paragraphs 1 through 106 as if fully set forth herein.

108.    Denies the allegations in Paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint.

110.    Denies the allegations in Paragraph 110 of the Complaint.

111.    Denies the allegations in Paragraph 111 of the Complaint.

112.    Denies the allegations in Paragraph 112 of the Complaint.

113.    Denies the allegations in Paragraph 113 of the Complaint.

114.   Denies the allegations in Paragraph 114 of the Complaint.

<u>SEVENTH CAUSE OF ACTION</u>

115.   Repeats and realleges his answers to Paragraphs 1 through 114 as if fully set forth herein.

116.   States that Paragraph 116 of the Complaint sets forth a legal conclusion to which no response required.

117.   Denies the allegations contained in Paragraph 117 of the Complaint, except admits that he learned GPC and Wi-LAN had executed an agreement containing a non-solicitation provision.

118.   Denies the allegations contained in Paragraph 118 of the Complaint.

119.   Denies the allegations contained in Paragraph 119 of the Complaint.

120.   Denies the allegations contained in Paragraph 120 of the Complaint.

121.   Denies the allegations contained in Paragraph 121 of the Complaint.

122.   Denies the allegations contained in Paragraph 122 of the Complaint.

<u>EIGHTH CAUSE OF ACTION</u>

123.   Repeats and realleges his answers to Paragraphs 1 through 122 as if fully set forth herein.

124.   States that Paragraph 124 of the Complaint sets forth a legal conclusion to which no response is required.

125.   States that Paragraph 125 of the Complaint sets forth a legal conclusion to which no response is required.

126.   States that Paragraph 126 of the Complaint sets forth a legal conclusion to which no response is required.

127.    Denies the allegations in Paragraph 127 of the Complaint.

128.    Denies the allegations in Paragraph 128 of the Complaint.

## NINTH CAUSE OF ACTION

129.    Repeats and realleges his answers to Paragraphs 1 through 128 as if fully set forth herein.

130.    Denies the allegations contained in Paragraph 130 of the Complaint.

131.    Denies the allegations contained in Paragraph 131 of the Complaint.

## TENTH CAUSE OF ACTION

132.    Repeats and realleges his answers to Paragraphs 1 through 131 as if fully set forth herein.

133.    Denies the allegations contained in Paragraph 133 of the Complaint.

134.    Denies the allegations contained in Paragraph 134 of the Complaint.

135.    Denies the allegations contained in Paragraph 135 of the Complaint.

136.    Denies the allegations contained in Paragraph 136 of the Complaint.

137.    Denies the allegations contained in Paragraph 137 of the Complaint.

138.    Denies the allegations contained in Paragraph 138 of the Complaint.

139.    Denies the allegations contained in Paragraph 139 of the Complaint.

140.    Denies the allegations contained in Paragraph 140 of the Complaint.

141.    Denies the allegations contained in Paragraph 141 of the Complaint.

142.    Denies the allegations contained in Paragraph 142 of the Complaint.

## ELEVENTH CAUSE OF ACTION

143.    Repeats and realleges his answers to Paragraphs 1 through 142 as if fully set forth herein.

144.    States that Paragraph 144 of the Complaint sets forth legal conclusions to which no response is required.

145.    Denies the allegations in Paragraph 145 of the Complaint.

146.    Denies the allegations in Paragraph 146 of the Complaint.

<u>TWELFTH CAUSE OF ACTION</u>

147.    Repeats and realleges his answers to Paragraphs 1 through 146 as if fully set forth herein.

148.    Denies the allegations in Paragraph 148 of the Complaint.

149.    Denies the allegations in Paragraph 149 of the Complaint.

150.    Denies the allegations in Paragraph 150 of the Complaint.

151.    Denies the allegations in Paragraph 151 of the Complaint.

152.    Denies the allegations in Paragraph 152 of the Complaint.

153.    Denies the allegations in Paragraph 153 of the Complaint.

154.    Denies the allegations in Paragraph 154 of the Complaint.

155.    Denies the allegations in Paragraph 155 of the Complaint.

<u>THIRTEENTH CAUSE OF ACTION</u>

156-162.    States that no response is required because Paragraphs 156 through 162 are not directed at him.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

163.    The Agreement upon which Plaintiff basis its first cause of action violates New York public policy and is void and unenforceable.

14

## SECOND AFFIRMATIVE DEFENSE

164.    The Noncompetition Agreement is unenforceable because it was not supported by consideration.

## THIRD AFFIRMATIVE DEFENSE

165.    The Noncompetition Agreement is inapplicable because it was modified or terminated by the parties.

## FOURTH AFFIRMATIVE DEFENSE

166.    Plaintiff's claims are barred by the doctrines of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

167.    This Court has already determined issues which defeat a number of Plaintiff's claims, including *inter alia*, its finding that the purported trade secrets Plaintiff claims it seeks to protect are not protectable trade secrets.  Plaintiff is therefore unable to pursue such claims because the "law of the case" prohibits Plaintiff from re-litigating those issues.

## COUNTER-CLAIM FOR ATTORNEYS' FEES AND EXPENSES AGAINST PLAINTIFF GENERAL PATENT CORPORATION

For his counterclaim against Counterclaim Defendant General Patent Corporation ("GPC"), Counterclaim Plaintiff Paul Lerner ("Lerner"), by his undersigned attorneys, alleges, of his own personal knowledge and otherwise on information and belief, as follows:

171.    Paul Lerner is a citizen of the State of Connecticut.

172.    General Patent Corp. ("GPC") is an entity incorporated and residing in the State of New York.

173.   On or about January 5, 2004, Lerner and GPC signed a Confidentiality and Noncompetition Agreement (the "Noncompetition Agreement").

174.   Section 3(D) of the Noncompetition Agreement provides for the award of attorneys' fees as follows:

> ATTORNEY'S FEES.  If litigation shall be instituted to enforce the provisions of this agreement, the prevailing party shall be entitled to reasonable attorney's fees, including any such fees set by the trial or appellate court upon trial or appeal.

175.   On or about September 22, 2011, Plaintiff commenced this Action purporting to seek to enforce a one-year non-competition provision in the Noncompetition Agreement.

176.   Plaintiff's claims against Lerner in this Action are without merit.

177.   Lerner's attorneys fees and expenses exceed $130,000 to date.

178.   Lerner is entitled to a judgment in the amount of the attorneys' fees he has incurred or will incur in connection with this Action.

WHEREFORE, Paul Lerner respectfully demands judgment in his favor and against GPC

a.   denying GPC's demands for injunctive and monetary relief;

b.   denying GPC's other demands for relief;

c.   dismissing GPC's Complaint in its entirety with respect to Lerner;

d.   awarding Lerner the amount of the reasonable fees and expenses he incurred in connection with this Action; and

e.   such other and further relief as this Court may deem just and proper.

Date:   New York, New York
        February 16, 2012

                                SHAPIRO FORMAN ALLEN & SAVA LLP

                        By:     _____
                                Robert W. Forman
                                Yoram Miller
                                380 Madison Avenue
                                New York, New York 10017
                                Tel:    (212) 972-4900
                                Fax:    (212) 883-1941

                                *Attorneys for Defendant Paul J. Lerner*