# PRYOR CASHMAN LLP

<span style="float:right">New York | Los Angeles</span>

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806    www.pryorcashman.com

RECEIVED
FEB 21 2012
JUDGE KEENAN'S CHAMBERS

February 17, 2012

**Jamie M. Brickell**
Partner

Direct Tel: 212-326-0869
Direct Fax: 212-798-6363
jbrickell@pryorcashman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-6-12

**VIA FEDEX**

Hon. John F. Keenan
United States District Court
500 Pearl Street, Room 1930
New York, NY 10007-1312

Re:   *General Patent Corporation v. Wi-LAN Inc., et al.*, No. 11 Civ. 6585 (JFK)

Dear Judge Keenan:

We are counsel for defendants Wi-LAN Inc. and Gladios IP Inc. Together with Shapiro Forman Allen & Sava LLP, counsel for Paul J. Lerner ("Defendants") in the above-referenced action, we write in accordance with Your Honor's Individual Practices to request leave to file a motion for partial summary judgment.

By way of background, after a three-day preliminary injunction hearing, which your Honor consolidated *sua sponte* pursuant to Federal Rule 65(a)(2) during the first day of testimony, the Court issued an Opinion & Order dated November 22, 2011 (the "Decision") which vacated the TRO granted to Plaintiff General Patent Corporation ("GPC"), and which denied the Preliminary Injunction sought by GPC. Your Honor's decision made a number of specific findings which decidedly narrowed the issues in the case, including (as discussed below) findings that GPC did not possess any trade secrets, that Lerner was not a unique employee and that the non-compete agreement that Lerner had signed with GPC was not breached.

Subsequent to that Decision, after each of the Defendants served an answer to the initial Complaint, together with a counterclaim, and GPC filed its reply to such counterclaims, GPC served and filed an Amended Complaint which fails to recognize the impact of the Decision on certain issues and claims. In particular, GPC not only reasserted all of its original causes of action, even though several cannot survive after the Court's ruling, but it also added new claims that are contradictory to its prior allegations.

We write at this time because the parties are about to re-start discovery and are attempting to work out a discovery schedule, and it is imperative that the scope of the remaining claims be properly defined before we do so. Accordingly, we respectfully request leave to file a motion for partial summary judgment with respect to those claims which are no longer viable in view of the Decision.

# ■ Pryor Cashman LLP

Hon. John F. Keenan
February 17, 2012
Page 2

As a preliminary matter, the Decision found that GPC did not possess any trade secrets. Indeed, at pages 9-14, this Court painstakingly addressed each of the eighteen (18) separate categories identified by GPC and determined that none of them constituted trade secrets. As a result, the Twelfth Cause of Action in the Amended Complaint, denominated as "Misappropriation of Trade Secrets," is ripe for a motion for partial summary judgment. The Thirteenth Cause of Action, denominated as a claim for "Unfair Competition," must also be dismissed, as it contends that Wi-LAN and Gladios "conspired" to obtain trade secrets that the Court has held do not exist.

These are not the only claims that are ripe for a motion for partial summary judgment. The First Cause of Action alleges that Lerner breached a non-compete agreement which he allegedly signed while he was still employed by GPC. However, the Decision expressly finds (at page 7) that Lerner was terminated for "convenience" and that the non-competition period was therefore never triggered. Thus, this Court has already concluded that "**GPC cannot succeed in demonstrating that by starting to work for Wi-LAN, Lerner violated the non-compete.**" In view of this finding, a motion for partial summary judgment with regard to the First Cause of Action should be granted. Even without that finding, the First Cause of Action is ripe for summary judgment because a restrictive covenant is enforceable under New York Law only if necessary to protect trade secrets or against the loss of a unique employee. Here, the Court has already found that GPC has no trade secrets and that Lerner is not a unique employee. Therefore, the First Cause of Action cannot survive. The same is true with regard to the Sixth Cause of Action, which alleges that Wi-LAN and Gladios induced Lerner to breach an agreement which this Court has already concluded has not been breached.

The other claim that is ripe for a motion at this time is the Fourth Cause of Action, which alleges that Wi-LAN committed fraud by inducing GPC to negotiate a transaction that Wi-LAN never intended to consummate. In this regard, there are several factual assertions central to GPC's claim which are undermined by undisputed facts.

For one thing, while GPC alleges that there were "Concealed Facts" concerning conflicting license agreements which Wi-LAN did not disclose to GPC until the very end of the negotiations, GPC chairman and founder Alexander Poltorak admitted during the three-day hearing that he was aware of both such agreements many months before the parties' negotiations broke down. On this basis alone, the Court could conclude that GPC will be unable to demonstrate that any information, material or otherwise, was withheld from GPC.

In addition, as an essential element of this purported claim, GPC alleges that it was induced to cease negotiations with other potential purchasers. However, GPC has not offered any evidence that any such other potential suitors actually existed. Indeed, it is undisputed that there were no other legitimate suitors by the time GPC entered into any agreements with Wi-LAN. Moreover, where the essence of this claim is that Wi-LAN entered into negotiations with

# ■ PRYOR CASHMAN LLP

Hon. John F. Keenan
February 17, 2012
Page 3

GPC as a ruse to obtain trade secrets, and this Court has already concluded that no such trade secrets exist, partial summary judgment is appropriate with regard to this claim as well.

Perhaps the most compelling proof, however, that the fraud claim cannot withstand a motion for partial summary judgment actually comes from the amended pleading recently served by GPC. Specifically, GPC alleges that Lerner had a conversation with Wi-LAN by June 19, 2011 to the effect that he would work for Wi-LAN whether or not the contemplated acquisition was concluded (¶ 49), and that these discussions took place "**at a time during which there remained a real possibility that the acquisition would successfully close.**" (*Id.* at ¶ 50.) Thus, while GPC's fraud claim is premised on the allegation that Wi-LAN never actually considered going forward with the acquisition, GPC alleges elsewhere that Wi-LAN would have closed the deal **but/for** Lerner's alleged involvement. GPC cannot have it both ways.

There may be additional claims that warrant a motion for partial summary judgment at this time, but the primary focus of our motion will be on the ones identified herein.

Finally, as far as scheduling is concerned, we ask that GPC's counsel respond to this letter by no later than next Wednesday, February 22, and that the Court schedule a conference at its earliest convenience to address the issues raised herein. Since this motion may significantly narrow the issues for discovery and trial, it makes sense to address them sooner rather than later, and we respectfully request that the Court see us before the currently scheduled March 19 conference. Indeed, if at all possible, we would ask the Court to schedule a conference to address our proposed motion during the weeks of February 27 or March 5.

Respectfully submitted,

Jamie M. Brickell

cc: Levi Y. Silver, Esq. (email)
    Elie C. Poltorak, Esq. (email)
    Robert Forman, Esq. (email)

```
Application to change conference date
is denied.  The parties can discuss
the proposed motion for partial
summary judgment at the conference
scheduled for March 19, 2012 at 11:30
a.m.
SO ORDERED.
Dated:  New York, NY
        March 6, 2012
```

_____
U.S.D.J.