Levi Y. Silver (LS6546)
lsilver@silverlawfirm.com
**SILVER & SILVER APC**
245 West 17th Street, 5th Floor
New York, New York 10011
Telephone:  (212) 851-6428
Facsimile:  (619) 231-1616

Elie C. Poltorak (EP0770)
elie@poltoraklaw.com
**POLTORAK PC**
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233
Telephone: (718) 943-8815
Facsimile: (718) 943-8816

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL PATENT CORPORATION, | No. 11 Civ. 6585 (JFK-DCF) |
| Plaintiff, | **REPLY TO COUNTERCLAIM OF WI-LAN INC. AND GLADIOS IP INC.** |
| -against- | |
| WI-LAN INC., GLADIOS IP INC., and PAUL J. LERNER, | |
| Defendants. | |

Plaintiff General Patent Corporation ("GPC"), by and through its undersigned attorneys, replies and asserts its affirmative defenses to the Counterclaim (the "Counterclaim"), filed by Defendants Wi-LAN Inc. ("Wi-LAN") and Gladios IP Inc. ("Gladios") (collectively, "Corporate Defendants") on February 16, 2012, as follows:

1.	Declines to respond to Paragraph 1 of the Counterclaim on the basis that it contains no allegations.

1

2. Denies the allegations contained in Paragraph 2 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusion on the basis that no response is required thereto.

3. Denies the allegations contained in Paragraph 3 of the Counterclaim, except respectfully refers the Court to the documents referred to therein for their true and complete contents.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Counterclaim, except denies all allegations therein relating to any alleged overstatement by GPC and/or Poltorak of GPC's financial condition and/or any alleged misrepresentations by GPC and/or Poltorak relating thereto.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Counterclaim, except denies all allegations therein relating to any alleged overstatement by GPC and/or Poltorak of GPC's financial condition and/or any alleged misrepresentations by GPC and/or Poltorak relating thereto.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaim, except denies all allegations therein relating to any alleged overstatement by GPC and/or Poltorak of GPC's financial condition and/or any alleged misrepresentations by GPC and/or Poltorak relating thereto.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaim, except denies all allegations therein relating to any alleged overstatement by GPC and/or Poltorak of GPC's financial condition and/or any alleged misrepresentations by GPC and/or Poltorak relating thereto, and declines to

response to so much of the allegations as constitute legal conclusions on the basis that no response is required thereto.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim.

9. Denies the allegations contained in Paragraph 9 of the Counterclaim, except states that GPC is a New York corporation that, among other things, partners with patent owners that wish to monetize their inventions.

10. Denies the allegations contained in Paragraph 10 of the Counterclaim, except states that in or about April 2010, GPC began seeking potential strategic partners to invest in or acquire GPC and that, in connection with this effort, Houlihan Lokey approached various parties.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaim.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaim.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaim.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaim.

15. Denies the allegations contained in Paragraph 15 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

16. Denies the allegations contained in Paragraph 16 of the Counterclaim, except states that, at points in time, GPC made certain representations concerning its patent portfolio, including revenue generation potentials from these portfolios.

17. Denies the allegations contained in Paragraph 17 of the Counterclaim, except states that, at points in time, GPC learned of certain issues concerning potentially overlapping licenses and after-acquired rights.

18. Denies the allegations contained in Paragraph 18 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

19. Denies the allegations contained in Paragraph 19 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

20. Denies the allegations contained in Paragraph 20 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Counterclaim, except states that, after the Term Sheet was executed, Wi-LAN conducted extensive due diligence of GPC.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Counterclaim, except denies the allegations relating to any "major discrepancies" at GPC.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Counterclaim.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Counterclaim, except denies the allegations relating to any accounting irregularities at GPC.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Counterclaim, except denies the allegations relating any actions of Poltorak.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Counterclaim.

27. Denies the allegations contained in Paragraph 27 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

28. Denies the allegations contained in Paragraph 28 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

## COUNTERCLAIM
### (Breach of Contract)

29. GCP repeats each of the foregoing responses as if fully set forth herein.

30. Denies the allegations contained in Paragraph 30 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

31. Denies the allegations contained in Paragraph 31 of the Counterclaim, except respectfully refers the Court to the document referred to therein for its true and complete contents.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusions on the basis that no response is required thereto.

33. Denies the allegations contained in Paragraph 33 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusions on the basis that no response is required thereto.

34. Denies the allegations contained in Paragraph 34 of the Counterclaim, except declines to response to so much of the allegations as constitute legal conclusions on the basis that no response is required thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The Counterclaim fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. Corporate Defendants' claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Corporate Defendants' claims are barred, in whole or in part, due to Corporate Defendants' material breach of the agreement they now seek to enforce.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Corporate Defendants' claims are barred in whole or in part because their claims are not ripe.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

39. Any alleged damages were caused by Corporate Defendants' wrongful acts and conduct.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

40. Corporate Defendants' claims are barred because they failed to mitigate their damages, if any.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

41. Corporate Defendants' claims are barred, in whole or in part, by the doctrines of unclean hands.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

42. Corporate Defendants' claims are barred, in whole or in part, because the Term Sheet was entered through WiLAN's fraudulent inducement.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

43. GPC presently has insufficient knowledge or information upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. GPC reserve the right to assert additional affirmative defenses for which it has developed factual support pending the outcome of discovery or otherwise.

**WHEREFORE**, GPC respectfully demands judgment in its favor and against Corporate Defendants, by way of the Counterclaim, as follows:

    a.    Dismissing the Counterclaim with prejudice;

    b.    Denying Corporate Defendants' requested relief in the Counterclaim;

    c.    Awarding GPC its attorney's fees and costs incurred in connection with this action; and

  d.  Awarding GPC such other and further relief as the Court deems just and proper.

Dated:  June 8, 2012

            **SILVER & SILVER APC**

           By:  /s/
             Levi Y. Silver (LS6546)
             lsilver@silverlawfirm.com

            – and –

            **POLTORAK PC**
            Elie C. Poltorak (EP0770)
            elie@poltoraklaw.com

            *Attorneys for Plaintiff, Counterclaim-Defendant General Patent Corporation*