# SILVER & SILVER APC

245 West 17th Street, 5th Floor, New York, NY 10011
Tel: 619.231.1600 | Fax: 619.231.1616
www.silverlawfirm.com

California | New York

Levi Y. Silver (Admitted in CA & NY)
Zvi "Hershy" Silver (Admitted in CA)

Levi Y. Silver
Partner

lsilver@silverlawfirm.com

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 7/31/12

July 30, 2012

*Defendant is directed to submit a response to this letter no later than close of business on August 1, 2012*

**BY FACSIMILE**

Hon. Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**SO ORDERED:   DATE: 7/31/12**

_____
**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**

Re: *General Patent Corporation v. Wi-LAN Inc., et al.,*
No. 11 Civ. 6585 (JFK) (DCF)

Dear Magistrate Freeman:

On behalf of Plaintiff General Patent Corporation ("GPC"), I write to respectfully request your Honor's assistance with an urgent discovery matter that I did not learn of until this past Friday afternoon. I respectfully request that your Honor expedite your consideration of this matter because all counsel are scheduled to fly to Ottawa for several depositions on August 7-9, and GPC cannot meaningfully take these depositions until this matter is resolved. (The parties presently are meeting and conferring regarding several additional discovery matters that need to be resolved prior to these depositions and I anticipate that I may need to write another letter to your Honor shortly to address those issues.)

The instant discovery matter relates to the parties' long-running and heavily-litigated dispute concerning the so-called "after-acquired rights" agreements.

On July 10, 2012, your Honor ordered defendant Wi-LAN, Inc. ("WiLAN") to produce slightly redacted copies of eleven such agreements. As your Honor no doubt recalls, your Honor's order related to those eleven agreements because WiLAN's counsel, Jamie M. Brickell, had identified eleven such agreements and represented to the Court and GPC that WiLAN only has eleven such agreements.

However, just this past Friday, on July 27, 2012, Mr. Brickell casually informed me during an unrelated meet and confer call that WiLAN actually has more than eleven such agreements, including several agreements that he did not disclose to GPC or the Court (the "Undisclosed Agreements"). Mr. Brickell further informed me that, when he previously represented to GPC and

Hon. Debra Freeman
7/30/2012
Page 2

the Court that WiLAN only has eleven such agreements, he meant that WiLAN only has eleven such agreements executed during the time period December 2010 through March 2011. Mr. Brickell offered no logical explanation for how or why he selected December 2010 through March 2011 as the relevant time period and/or why he failed to previously disclose that WiLAN was limiting its production of after-acquire rights agreements to those executed during this time period. Additionally, when pressed about why he failed to disclose the Undisclosed Agreements to GPC or the Court, Mr. Brickell offered only that the Undisclosed Agreements are irrelevant to this litigation because they do not overlap with GPC's patent portfolios.

What's more, Mr. Brickell absolutely refuses to produce any of the Undisclosed Agreements.

GPC respectfully submits that WiLAN's failure to produce the Undisclosed Agreements— or even disclose their existence—is without any basis or merit. Among other things:

1. GPC's document requests relating to the after-acquired rights agreements contain no temporal limitations. Nor should they contain any such limitations, as any after-acquired rights agreement enforceable at the time of the acquisition would be relevant, *regardless of when it was executed*.

2. In its responses to GPC's discovery requests for all after-acquired rights agreements—which did not contain any temporal limitations—WiLAN represented that it had produced all such agreements without referencing any temporal limitations of any kind. For example, on March 6, 2012, WiLAN served Responses and Objections to GPC's Second Request for Production of Documents, responding as follows to GPC's requests for the after-acquired rights agreements:

   > In addition to the foregoing General Objections, the Corporate Defendants aver that they already have produced [in redacted form] *all relevant non-privileged documents responsive to this request*.

   (*See* WiLAN's Responses and Objections to GPC's Second Request for Production of Documents, dated March 6, 2012 (Response to Request Nos. 24-30) (emphasis added) (not exhibited hereto).)

3. The time period selected by WiLAN for responsiveness—December 2010 through March 2011—appears arbitrary and without any legitimate basis. When pressed on this issue, Mr. Brickell was unable to articulate any reason for selecting these dates other than to reference some vague overlap between this time period and WiLAN's due diligence.

4. WiLAN repeatedly represented to the Court and to GPC that it was able to locate only eleven after-acquired rights agreements. As just one example, in a March 30, 2012 letter to your Honor, Mr. Brickell represented that "the Corporate Defendants have already produced [in redacted form] . . . *all eleven of the agreements with third parties containing so-called 'after-acquired rights' that it was able to locate.*" (Letter, dated March 30, 2012, from Jamie M. Brickell to you Honor (not

From: Hershy Silver    Fax: (888) 506-8803    To: Hon. Debra C. Freeman, Fax: +1 (212) 805-4258    07/30/2012 Page 3 of 4 7/30/2012 1:59

Case 1:11-cv-06585-JFK-DCF  Document 75  Filed 07/31/12  Page 3 of 4

Hon. Debra Freeman
7/30/2012
Page 3

> exhibited hereto).) In doing so, WiLAN failed to disclose the existence of the Undisclosed Agreements.

5. Mr. Brickell specifically represented to me that he had confirmed with WiLAN that WiLAN has no after-acquired rights agreements other than the ones it previously disclosed. Specifically, in an April 5, 2012 email, I stated to Mr. Brickell as follows:

> Additionally, you said you would confirm with the client that they do not have any after-acquired license agreements other than the 11 already produced. Please let me know when I can expect such confirmation.

(Email, dated April 5, 2012, from Levi Y. Silver, to Jamie M. Brickell (not exhibited hereto).)

During a subsequent meet and confer call, Mr. Brickell represented to me that he had confirmed that WiLAN had no such additional agreements.

6. WiLAN's purported basis for not previously disclosing the existence of the Undisclosed Agreements is that these agreements are irrelevant. GPC submits that this purported basis is completely unjustified. As the Court no doubt recalls, WiLAN previously asserted that nine of the eleven agreements it had disclosed were irrelevant—yet it still disclosed them. WiLAN cannot draw any rational distinction between the nine purportedly "irrelevant" agreements that it decided to disclose and the purported "irrelevant" Undisclosed Agreements, which it decided to not disclose.

7. WiLAN's instant position, that it does not have to produce the Undisclosed Agreements because they are irrelevant, is baseless. In fact, WiLAN previously took the exact same position with respect to nine of the agreements that it had disclosed and, as GPC showed the Court at great effort and expense, those agreements are indeed relevant.

GPC respectfully requests that the Court order WiLAN to immediately produce all after-acquired rights agreements regardless of when any such agreement was executed.

GPC also submits that WiLAN's instant discovery position, and its failure to disclose the Undisclosed Agreements, is without substantial justification and is instead more consistent with an effort to avoid producing discoverable evidence. Additionally, it further demonstrates that WiLAN's longstanding refusal to produce the after-acquire rights agreements was without substantial justification. As shown in my April 30, 2012 letter to your Honor, GPC has incurred in excess of $30,000 in attorney's fee addressing this issue. GPC respectfully requests that the

Hon. Debra Freeman
7/30/2012
Page 4

Court order WiLAN to reimburse GPC for these attorney's fees.

Respectfully submitted,

Levi Y. Silver
SILVER & SILVER APC

cc (by email):   Jamie M. Brickell, Esq., Jonathan T. Shepard, Esq., Eric D. Dowell, Esq., Robert W. Forman, Esq., Yoram Miller, Esq., Elie C. Poltorak, Esq.