USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GENERAL PATENT CORPORATION,

                    Plaintiff,      :      11 Civ. 06585 (JFK) (DCF)

     -against-                         :      **ORDER**

WI-LAN, INC., et al.,                 :

                    Defendants.    :
-------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      The Court having previously entered a Protective Order on October 27, 2011 (Dkt. 13); and defendant Wi-Lan, Inc. ("Wi-Lan") having designated certain discovery material as "Confidential – Outside Counsel Only" under that Order; and plaintiff General Patent Corporation ("Plaintiff") having challenged Wi-Lan's confidentiality designations; and the Court having reviewed the parties' submissions and having held a conference with counsel on September 7, 2012, to address this dispute; it is hereby ORDERED, as stated on the record at the September 7 conference:

      1.     Plaintiff's request to remove the "Confidential-Outside Counsel Only" designation from the material in question is denied. If Plaintiff seeks to file any of this material with the Court, it should be filed under seal, with only a redacted version made available on the Court's public Docket. Further, prior to the public filing of any redacted submissions, Plaintiff's counsel shall afford Wi-Lan's counsel the opportunity to review the extent of the proposed redactions; if the parties do not agree as to which information should be redacted, then the issue should be brought to this Court's attention prior to any public filing.

2. Notwithstanding anything set forth above,

a. Plaintiff's counsel may disclose to Plaintiff's principal, Alexander Poltorak, the identities of the counterparties to the 11 licensing agreements originally produced by Wi-Lan in discovery. Given the proprietary nature of Wi-Lan's client lists, however, Plaintiff shall not publicly file submissions containing the identities of those counterparties or otherwise make their identities publicly known. In addition, to the extent Wi-Lan has now produced additional licensing agreements, the names of the counterparties to those additional agreements shall *not* be disclosed to Mr. Poltorak or anyone else (aside from such counsel as are permitted to view "Confidential – Outside Counsel Only" material under the terms of the Protective Order) and shall not be publicly filed or otherwise disclosed.

b. Plaintiff's counsel may disclose to Plaintiff and third parties, without restriction, any information that is expressly contained in any press releases issued by Wi-Lan.

2. No later than September 12, 2012, Wi-Lan shall make specific confidentiality designations of any deposition testimony that, in its view, would reveal "Confidential" information within the meaning of the Court's Protective Order.[1] Once specific confidentiality designations, if any, are made, the party that conducted the deposition shall arrange with the court reporter to bind the confidential portions of the transcript separately, with a cover page prominently marked "Confidential – Outside Counsel Only." Any audio tapes or videotapes of

---

[1] The Court notes that, although September 12 has now passed, this deadline was set by the Court by an oral ruling on the record of the September 7 conference, in which Wi-Lan's counsel participated.

2

depositions shall be appropriately marked and treated consistently with the confidentiality designations made of the deposition transcripts.

    3.    The parties shall initiate a joint telephone conference call with the Court on November 14, 2012 , at 2:30 p.m. to discuss the status of discovery.

    4.    All fact discovery in this action shall be completed no later than December 31, 2012.

Dated:  New York, New York
          September 18, 2012

                            SO ORDERED

                            _____
                            DEBRA FREEMAN
                            United States Magistrate Judge

Copies to:

Counsel via ECF